UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACOB CHRISTOPHER STINE,

                Petitioner,

                                                9:25-CV-1258
                                                (GTS)

SARATOGA COUNTY SHERIFF'S OFFICE,

                Respondent.
_____

APPEARANCES:                                                  OF COUNSEL:

JACOB CHRISTOPHER STINE
Petitioner, pro se
046327
Saratoga County Jail
6010 County Farm Road
Ballston Spa, New York 12020

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.**    **INTRODUCTION**

    Petitioner pro se Jacob Stine seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] The filing fee was remitted along with the pleading. Dkt. Entry for Pet. dated 09/10/25 (memorializing receipt information from filing fee transaction).

    However, the petition was written by "Zachary Dalton Matthew for Jacob Christopher Stine." Pet. at 1; *see also id.* at 8 (final page of the petition signed by Zachary Matthew).

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system

1

Matthew is "a personal friend of Jacob Christopher Stine, and ha[s] known him for at least 10 years." *Id.* at 10.[2]

## II. PETITION

The petition is a little difficult to decipher. A search of the VINElink database indicates that petitioner was taken into custody on September 2, 2025. *See* VINElink, https://www.vinelink.com/person-detail/offender/49965463;tabIndexToSelect=0 (last visited 09/13/25).[3] The pleading indicates that New York State authorities are holding petitioner "pending extradition on [a Pennsylvania] warrant for [a] summary offense." Pet. at 1.

Matthew argues that petitioner "is not competent, requiring intervention from another party ([him]self)." Pet. at 2. Specifically, Matthew contends that petitioner is being "held without psychiatric evaluation/competence to understand [the] extradition proceedings." *Id.* Matthew states that the petitioner "is suffering from what appear[s] to be psychotic delusions [and his p]revious mental health diagnoses include autism spectrum disorder, bipolar disorder, panic disorder, oppositional defiancy disorder, [and] anxiety, among others." *Id.* at 6; *see also id.* at 9 (explaining petitioner's various mental health conditions "which inhibit their ability to advocate for themselves or understand the extradition proceedings."). Matthew asserts that "[d]etention and trial for extradition is likely to result in the exacerbation of [these] previously mentioned health conditions," and that any accommodations recommended by

---

[2] Matthew specifies that he and petitioner, "[p]rior to incarceration [would] sp[eak] via video call several times per week." Pet. at 10. It is unclear where petitioner was residing prior to his custody; however, it appears that Matthew is currently living in Oregon. *See Id.* at 11 (envelope listing the return address as belonging to Matthew in Portland, Oregon).

[3] "VINE is the nation's leading victim notification network [which] allows [the general public] . . . to access timely and reliable information about offenders or criminal cases in U.S. jails and prisons." VINE *available at* https://www.vinelink.com/.

medical professionals are being denied by the correctional facility.  *Id.* at 6.  Furthermore, petitioner's assigned counsel is doing nothing to address these issues, citing a lack of resources.  *Id.*; *see also id.* at 9 (arguing that "the public defender's office is not providing effective counsel[.]").  Finally, there has been no proof provided from anyone in Pennsylvania about the arrest warrant or the pending charges.  *Id.* at 7.

Matthew presents some contradictory evidence about if and how petitioner has challenged these various issues.  First, Matthew contends that there are no state court proceedings, collateral or otherwise, available to challenge the pending extradition order; therefore, petitioner has not attempted to file any type of appeal.  Pet. at 2-5.  However later, he states that petitioner's incompetence and the negative impacts his present custody is having on his mental health, as well as petitioner's complaints about his assigned counsel and the Pennsylvania judge who signed the extradition warrant, have all been issues presented in the "appeals that were available to [petitioner]."  *Id.* at 6-7.

Matthew "request[s that] the court immediately order the release of [petitioner] from custody, pending mental health evaluations and agreement to resolve the matter with Pennsylvania at a specified future date."  Pet. at 7.  Further, Matthew clarifies that he is "not an attorney, and do[es] not intent to represent [him]self as one[; thus, he] request[s] that the court appoint counsel promptly."  *Id.* at 10.

**III.     DISCUSSION**

Before proceeding with an initial review of the instant pleading, the undersigned must first determine whether the petition is properly filed by Zachary Matthew, on petitioner's behalf.

3

Federal law provides that a habeas corpus petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  "When the motion is brought by a person other than the prisoner, that 'next friend' must demonstrate that he or she has standing to act on the prisoner's behalf."  *Nelson v. Thompson*, No. 1:14-CV-3414, 2014 WL 3882322, at *2 (E.D.N.Y. Aug. 7, 2014).  The Supreme Court has explained that

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing.  First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. . . . The burden is on the "next friend" clearly to establish the propriety of his [or her] status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).  "The requirement that the 'next friend' act in the prisoner's best interests is critical: because the opportunity to seek habeas corpus relief is limited, the 'next friend,' in aiding the prisoner, may also be exhausting the prisoner's rights."  *Nelson*, 2014 WL 3882322, at *2.

Here, Matthew provides conclusory assertions that he has "a bona fide 'next fried' relationship with [petitioner] and [is] legally authorized to file this petition."  Pet. at 10.  Further, Matthew provides unsupported conclusions about petitioner's incompetence due to potential psychotic delusions and various mental health conditions.  However, Matthew's conclusory assertions alone are insufficient to prove that petitioner is incapable of asserting

4

his own rights. Specifically, Matthew's generalized comments on petitioner's mental health, even appreciating its apparent decline while in custody, fails to illustrate why petitioner cannot commence and litigate this action independently as the majority of incarcerated petitioners do.

Given the rigorous standard outlined above and the gravity of the consequences associated with allowing another to assert claims for habeas relief on behalf of an incarcerated individual, the Court is not yet satisfied that Matthew has standing to continue with the presently pending petition. Accordingly, Matthew will be given thirty (30) days within which to submit an affirmation, not to exceed five pages, along with any relevant documentary proof demonstrating why petitioner cannot appear on his own behalf and move forward with this action.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that Matthew may file an affirmation **within thirty (30) days** of the filing date of this Decision and Order. The affirmation shall establish why petitioner cannot appear on his own behalf to prosecute the action and how Matthew is truly dedicated to petitioner's best interests. The affidavit is limited to **five pages**, excluding any attached relevant documentation demonstrating petitioner's inability to represent himself; and it is further

**ORDERED** that if Matthew does not file an affirmation within thirty (30) days of the filing date of this Decision and Order, the Court will **dismiss the petition without prejudice for lack of standing**; and it is further

**ORDERED** that upon the filing of any affirmation, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon Matthew and petitioner in accordance with the Court's Local Rules of Practice.

Dated: September 30, 2025

Glenn T. Suddaby
U.S. District Judge