UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACOB CHRISTOPHER STINE,

                Petitioner,

                                            9:25-CV-1258
                                            (GTS)

SARATOGA COUNTY SHERIFF'S OFFICE,

                Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

JACOB CHRISTOPHER STINE
Petitioner, pro se
046327
Saratoga County Jail
6010 County Farm Road
Ballston Spa, New York 12020

GLENN T. SUDDABY
United States District Judge

# DECISION and ORDER

      Petitioner pro se Jacob Stine seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] However, the petition was written by "Zachary Dalton Matthew for Jacob Christopher Stine." Pet. at 1; *see also id.* at 8 (final page of the petition signed by Zachary Matthew). Matthew is "a personal friend of Jacob Christopher Stine, and ha[s] known him for at least 10 years." *Id.* at 10.[2]

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system
[2] Matthew specifies that he and petitioner, "[p]rior to incarceration [would] sp[eak] via video call several times per week." Pet. at 10. It is unclear where petitioner was residing prior to his custody; however, it appears that Matthew is currently living in Oregon. *See Id.* at 11 (envelope listing the return address as belonging to Matthew in Portland, Oregon).

1

On September 30, 2025, the Court issued a Decision and Order directing Matthew to file an affirmation, within thirty (30) days, establishing why the petitioner cannot appear on his own behalf to prosecute the instant action and why Matthew should be granted next friend status.  Dkt. No. 2, Decision and Order ("September Order), at 3-5.  The September Order made clear that "if Matthew does not file an affirmation within thirty (30) days of the filing date of th[e September Order], the Court will **dismiss the petition without prejudice for lack of standing**[.]" *Id.* at 5.

The September Order was sent to Matthew and Stine.  September Order at 6.  While the correspondence sent to Stine was returned to the Court an Undeliverable, Dkt. No. 3, it was delivered without issue to Matthew.  *See Dunn v. Albany Medical College*, 445 F. App'x 431, 432 (2s Cir. 2011) (explaining Second Circuit "precedent makes clear . . . that where the record shows that a properly addressed piece of mail was placed in the care of the Postal Service, that piece of mail is presumed to have been delivered.") (citing *Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990) & *O'Rourke v. United States*, 587 F.3d 537, 541 n.4 (2d. Cir. 2009)) (quotation marks omitted).

As of today, no affirmation has been filed.  Accordingly, consistent with the Court's September Order, the action is dismissed.

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of standing; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon Matthew in accordance with the Court's Local Rules of Practice.

Dated: January 26, 2026

Glenn T. Suddaby
U.S. District Judge